UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| DANIEL CASTRO, | ) | CASE NO. 4:06 CV 2175 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT TAPIA, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Daniel Castro filed the above-captioned petition for a writ habeas corpus pursuant to 28 U.S.C. § 2241 against Robert Tapia, Warden at the Northeastern Ohio Correctional Center (NEOCC), the Director of the Bureau of Prisons (BOP) and the United States Attorney General. This Court ordered Mr. Castro to either pay the filing fee or submit an application to proceed in forma pauperis within 30 days of the Court's September 26, 2006 order.

On November 6, 2006, the Court dismissed this action without prejudice for failure to file the fee or submit an in forma pauperis application. Petitioner subsequently filed a motion for clarification wherein he advised the Court that the filing fee was timely paid on

October 10, 2006. Upon due consideration of a clerical error that failed to docket Mr. Castro's payment, the Court granted his motion and the case was reopened January 8, 2007. It is now before the Court for review.

*Background*

Mr. Castro was arrested by immigration authorities on December 15, 2004. A review of the Sentence Monitoring Computation Data attached to his present petition indicates that he was charged in the United States District Court for the District of Rhode Island with illegal reentry after deportation in violation of 8 U.S.C. § 1326(A)&(B)(2). (Pet.'s Ex. A.) The court sentenced Mr. Castro to 27 months in prison on June 24, 2005.

After his commitment to the custody of the BOP, Mr. Castro was awarded 169 days of prior credit time and 106 days good credit time projected, with a statutory release date projected to December 22, 2006. He complains, however, that the BOP incorrectly began crediting his sentence, in accordance with 18 U.S.C. § 3585(b), from January 6, 2005, instead of the date on which he was arrested, December 15, 2004.

Mr. Castro filed a CCA Inmate/Resident Grievance Form requesting that his in-custody credit commence from December 15, 2004 instead of January 6, 2005. The Form was rejected by the staff in accordance with Policy 14.5, which required that he submit his request on a Form 14.5C, "Inmate Request to Staff Member." Petitioner complied with the directive and filed a Form 14.5C on January 21, 2006. In response, NEOCC staff explained that Mr. Castro's December 15, 2004 arrest was based on "immigration charges," and that he was not in custody

on criminal charges until January 6, 2005.[1]

An appeal, dated March 1, 2006, was submitted by Mr. Castro to the BOP's Regional Director. He filed another appeal with the Central Office Administrative Remedy on July 17, 2006. The Administrative Remedy Coordinator responded with a Rejection Notice, dated August 1, 2006, advising Mr. Castro that his appeal was rejected as untimely. The Coordinator explained that Regional Appeals must be received within 20 days of the Warden/CCM response. Petitioner subsequently filed this § 2241 habeas petition seeking prior custody credit, in accordance with 18 U.S.C. § 3585, for the period beginning December 14, 2004 until June 23, 2005. Although Mr. Castro was serving his sentence for illegal re-entry at the NEOCC when he filed this petition, he has since been released.

*Analysis*

Mr. Castro asserts that he is entitled to sentence credit in accordance with 18 U.S.C. § 3585 from the date of his arrest for illegal re-entry until the date before his sentence was imposed. The relevant statute provides, in part, that:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>> **(2)** as a result of any other charge for which the defendant
>
> was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

---

[1] The court presumes January 5, 2005 is the date the indictment was filed charging Mr. Castro with violations of 8 U.S.C. §1326(A)&(B)(2). See United States v. Castro, No. 1:05cr0005-01S (D. RI 2005).

3

18 U.S.C. § 3585(b)(2007). Based on the provisions of the statute, petitioner claims he was in custody as a result of an offense for which he was later sentenced. As such, he maintains that he is entitled to an additional "21 or 22 days of credit" toward the service of his sentence.

*28 U.S.C. § 2241*

Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). At the time this petition was filed, the Court had personal jurisdiction over Mr. Castro's custodian, the warden at N.E.O.C.C. As noted above, however, Mr. Castro is no longer incarcerated at N.E.O.C.C. The Court received notice on January 12, 2007 that mail addressed to Mr. Castro was returned with the Post Office notation, "*return to sender, not deliverable as addressed, unable to forward, inmate paroled/discharged*."[Dkt.#6]. Considering Mr. Castro's release from the N.E.O.C.C. the Court must first determine whether this has caused the petition to be moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution.

*Mootness*

The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990). See also Preiser v. Newkirk, 422 U.S. 395, 401(1975). This means that, throughout the litigation, the

party seeking relief "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, 494 U.S. at 477.

In any case involving an imprisoned convict's challenge to the validity of his conviction, the case-or-controversy requirement is always satisfied, because the imprisonment is a concrete injury caused by the conviction and redressable by invalidation of the conviction. Once a prisoner's sentence expires, however, some concrete and continuing injury other than his former incarceration or some "collateral consequence" of the conviction must exist if the suit is to be maintained. See, e.g.,Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. North Carolina v. Rice, 404 U.S. 244, 246 (1971) ("mootness is a jurisdictional question"); Chong v. District Director, I.N.S., 264 F.3d 378, 383-84 (3d Cir.2001)

Here, petitioner does not attack his conviction for illegal reentry; he asserts only that the BOP failed to award him additional pre-custody credit. Because his period of incarceration is now over, and cannot be undone, he could only maintain this suit if continuing "collateral consequences" of the BOP's alleged action can be either proved or presumed.  "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002), "that is likely to be redressed by a favorable judicial decision."Spencer v. Kemna, 523 U.S. 1, 7 (1998).

Mr. Castro's challenge was only to his entitlement to additional sentence credit, and that underlying sentence has expired.  Thus, he cannot allege any continuing collateral

consequences. See Lane v. Williams, 455 U.S. 624, 631-33 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; ... [t]hrough the mere passage of time, respondents have obtained all the relief that they sought ... no live controversy remains.") By failing to demonstrate continuing collateral consequences, petitioner has failed to satisfy Article III's case-and-controversy requirement. See Spencer, 523 U.S. at 7; Chong, 264 F.3d at 383-84. Therefore, the Court will dismiss this petition as moot. Libertarian Party of Ohio v. Blackwell, 462 F.3d 579 (6th Cir. 2006).

Based on the foregoing, this action is dismissed as moot. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: April 10, 2007

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may bot be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

6